IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-00300-PAB

KENNETH PINEDA,

    Plaintiff,

v.

4 WHEEL PARTS (AKA 4 WHEEL PARTS WHOLESALERS, LLC),

    Defendant.

## ORDER

The Court takes up this matter on defendant's Response to Order to Show Cause [Docket No. 27]. On April 7, 2016, the Court ordered defendant to show cause why this case should not be remanded for lack of subject matter jurisdiction [Docket No. 26]. In its April 7 order, the Court found that defendant's Notice of Removal [Docket No. 1] did not establish the citizenship of defendant 4 Wheel Parts Wholesalers, LLC. The Court noted that defendant instead based subject matter jurisdiction on the citizenship of non-party TAP Worldwide, LLC ("TAP"). Docket No. 26 at 3. The Court further noted that, if plaintiff were to amend the complaint to name TAP as a defendant, the Notice of Removal's allegations concerning TAP's citizenship were deficient because the Notice of Removal was silent as to TAP's citizenship at the time of removal and did not identify TAP's members. *See id.* at 4.

In its response to the Court's order to show cause, defendant states that, in 2007, defendant filed paperwork with the Delaware Secretary of State indicating that

defendant was the non-surviving entity of a merger.  Docket No. 27 at 1, ¶ 1. Defendant states that, as of the time of the accident at issue in this lawsuit, defendant "no longer existed and had no authority to conduct business in the State of Colorado." *Id.* at 2, ¶ 3.  Defendant concludes that "[t]he Court lacks jurisdiction as the case is currently postured and, further, Plaintiff has failed to state a valid claim for relief."  *Id.*

Whatever substantive defenses defendant's status as a defunct LLC may provide, defendant has failed to meet its burden of demonstrating the Court's subject matter jurisdiction over this action.  As the Court stated in its order to show cause, Docket No. 26 at 3, defendant 4 Wheel Parts Wholesalers, LLC has provided no evidence of its own citizenship and the Court cannot exercise jurisdiction over this case based on the citizenship of a non-party.  Defendant's response does not correct this defect.  Further, defendant makes no attempt to correct the deficiencies the Court noted with respect to its allegations concerning TAP's citizenship.

Because defendant has not established that the Court has subject matter jurisdiction over this lawsuit, it is

**ORDERED** that this case is **REMANDED** to the District Court for the County of Arapahoe, Colorado, where it was filed as Case No. 2015CV32993.

DATED April 20, 2016.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge